Yang v. Holder

BIA
Chew, IJ
A099 936 206

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> *Circuit Judges.*

_____

GUIPENG YANG,
> *Petitioner,*

v.

09-4874-ag
NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> R*espondent.*

_____

FOR PETITIONER:      Vincent S. Wong, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Guipeng Yang, a native and citizen of the People's Republic of China, seeks review of a October 29, 2009, order of the BIA affirming the January 18, 2008, decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guipeng Yang*, No. A099 936 206 (B.I.A. Oct. 29, 2009), *aff'g* No. A099 936 206 (Immig. Ct. N.Y. City Jan. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g.*, *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

The agency reasonably found that the penalties Yang suffered were not severe enough to constitute persecution because he and his wife were still able to provide for their family, although at a lower standard of living, and they were permitted to retain their employment. *See In re T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007) (defining persecution as including "the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life."); *see also Guan Shao Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (requiring at least a showing of a "deliberate imposition of a substantial economic disadvantage"). Because Yang did not point to any objective evidence, other than the alleged past persecution, the agency also reasonably determined that Yang did not establish a well-founded fear of future persecution based on his wife's forced abortion in 2000 and the economic penalties imposed on them. *See Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best.").

Contrary to Yang's arguments, the record does not indicate that the agency failed to cite legal standards in its decision or that it failed to consider any evidence in the record. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record

2

compellingly suggests otherwise").  Finally, to the extent Yang is attempting to add a new basis for relief, his argument that he also fears persecution based on "his imputed political opinion as a Falun Gong practitioner" is unexhausted.  *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

Because Yang's withholding of removal and CAT claims were based on the same factual predicate as his asylum claim, the agency reasonably denied his application for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3